UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| PAMELA ADAMS, MELODY R. BATEMAN, ) <br> BUREEN FRANKENBERGER, ) <br> SUSAN E. BROWN, MELISSA DURBIN, ) <br> KATHRIN A. ENGLAND, AMY J. FRANK, ) <br> LEONARD D. FRANK, PATRICIA GILL, ) <br> TAMMY HARRISON, TISHA PORTER, ) <br> And all others similarly situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> MedPlans Partners, Inc., and MedPlans ) <br> 2000 Inc., ) <br> ) <br> ) <br> ) <br> ) <br> Defendants. ) | Case No.: **3:07CV259-J** <br><br> COMPLAINT <br><br> COLLECTIVE ACTION <br><br> CLASS ACTION <br><br> JURY DEMAND |

### CLASS ACTION COMPLAINT AND JURY DEMAND

NOW COME the Plaintiffs, on behalf of themselves and all others similarly situated, by and through undersigned counsel, and state the following as against MedPlans Partners, Inc., and MedPlans 2000 Inc. (hereafter "MedPlans" or "Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action against MedPlans Partners, Inc. (hereafter "Defendant") for legal relief to redress unlawful violations of the Plaintiffs' rights under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the collective action

1

provision of the Act found at § 216(b), to remedy violations of the wage provisions of the FLSA by Defendant. These violations have deprived the Plaintiffs, as well as others similarly situated to the Plaintiffs, of their lawful wages. This suit is brought on behalf of the Plaintiffs and all others similarly situated pursuant to § 216 (b) of the FLSA. Plaintiffs additionally file this action pursuant to the Kentucky Wages and Hours Act, KRS 337.010, *et seq.*, and seek certification of a class pursuant to the Kentucky Wages and Hours Law. These violations have deprived the Plaintiffs, as well as others similarly situated to the Plaintiffs, of their lawful wages.

2.   Other current and former employees of Defendant are also entitled to receive their proper hourly unpaid wage and/or overtime compensation for the reasons alleged in this Complaint. The Plaintiffs are permitted to maintain this action "for and on behalf of themselves and other employees similarly situated." 29 U.S.C. § 216(b).

3.   The Plaintiffs join their individual claims pursuant to Rule 20(a) of the Federal Rules of Civil Procedure. The Plaintiffs all assert rights to relief arising from a series of events which comprise, for purposes of Rule 20(a), a series of transactions or occurrences with common issues of law and fact.

4.   This action is brought to recover unpaid hourly and overtime compensation owed to the Plaintiffs and all current and former employees of Defendant who are similarly situated to the Plaintiffs, pursuant to the FLSA and the Kentucky Wages and Hours Act. The Plaintiffs are or have been employed by the Defendant, MedPlans Partners, Inc., in Louisville, Kentucky.

## PARTIES

5.    Plaintiff Pamela Adams is a current employee of MedPlans Partners, Inc. in Louisville, Kentucky, and currently resides in Shepherdsville, Kentucky.

6.    Plaintiff Melody R. Bateman is a former employee of MedPlans Partners, Inc. in Louisville, Kentucky, and currently resides in Shepherdsville, Kentucky.

7.    Plaintiff Bureen Frankenberger is a former employee of MedPlans Partners, Inc. in Louisville, Kentucky, and currently resides in Louisville, Kentucky.

8.    Plaintiff Susan E. Brown is a former employee of MedPlans Partners, Inc. in Louisville, Kentucky, and currently resides in Louisville, Kentucky.

9.    Plaintiff Melissa Durbin is a former employee of MedPlans Partners, Inc. in Louisville, Kentucky, and currently resides in Shepherdsville, Kentucky.

10.    Plaintiff Kathrin A. England is a former employee of MedPlans Partners, Inc. in Louisville, Kentucky, and currently resides in Louisville, Kentucky.

14.    Plaintiff Amy J. Frank is a former employee of MedPlans Partners, Inc. in Louisville, Kentucky, and currently resides in Bardstown, Kentucky.

15.    Plaintiff Leonard D. Frank is a former employee of MedPlans Partners, Inc. in Louisville, Kentucky, and currently resides in Bardstown, Kentucky.

16.    Plaintiff Tammy Harrison is a former employee of MedPlans Partners, Inc. in Louisville, Kentucky, and currently resides in Mt. Washington, Kentucky.

17.    Plaintiff Patricia Gill is a current employee of MedPlans Partners, Inc. in Louisville, Kentucky, and currently resides in Mt. Washington, Kentucky.

18.     Plaintiff Tisha Porter is a current employee of MedPlans Partners, Inc. in Louisville, Kentucky, and currently resides in Louisville, Kentucky.

19.     Defendant MedPlans Partners, Inc., ("MedPlans") is a corporation organized and existing under the laws of the State of Delaware, and has its principal place of business in the City of Leawood, State of Kansas. MedPlans has service centers in Louisville, Kentucky. MedPlans is subject to the personal jurisdiction of the State of Kentucky for purposes of this lawsuit.

20.     Defendant MedPlans 2000, Inc., ("MedPlans") is a corporation organized and existing under the laws of the State of Delaware, and has its principal place of business in the City of Leawood, State of Kansas. MedPlans has service centers in Louisville, Kentucky. MedPlans is subject to the personal jurisdiction of the State of Kentucky for purposes of this lawsuit.

## JURISDICTION AND VENUE

21.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.§ 1331 (federal question jurisdiction); and Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Supplemental jurisdiction over Plaintiffs' Kentucky Wages and Hours Act claims is invoked pursuant to 28 U.S.C. § 1367(a).

22.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## VIOLATIONS OF THE FLSA AND KENTUCKY WAGES AND HOURS ACT

23.     The Plaintiffs were employed as Insurance Claims Examiners ("Claims Examiners")

at MedPlans Partners, Inc. Plaintiffs' claims arise out of unpaid overtime work and/or straight time pay as Claims Examiners. During their employment as Claims Examiners, the Plaintiffs and other similarly-situated Claims Examiners consistently worked more than 40 hours per week. However, the Plaintiffs, and other similarly-situated Claims Examiners, were not paid any overtime compensation for the time beyond 40 hours they were required to work. The Plaintiffs were required to be present at work, but were taken "off the clock" at various times and not paid for such off-the-clock work. In addition, upon information and belief, MedPlans. has failed to compensate Claims Examiners for additional work performed on the company's behalf.

24. Defendant has intentionally and willfully failed and/or refused to compensate the named Plaintiffs and other Claims Examiners for time worked and for the time worked in excess of 40 hours.

## CLASS AND COLLECTION ACTION ALLEGATIONS

25. Plaintiffs incorporate by reference, as if fully set out herein, paragraphs 1 through 24 above.

26. The Plaintiffs bring this action on their own behalf and on behalf of a class and collection action of persons similarly situated, defined as follows:

> All present and former Claims Examiners of MedPlans., who were not paid overtime compensation for time worked in excess of 40 hours per week or were not compensated for time worked.

27. There are potentially numerous other similarly-situated Claims Examiners and former Claims Examiners of MedPlans. who have been improperly compensated in violation of the FLSA and would benefit from the issuance of Court-Supervised Notice of the present lawsuit

and given the opportunity to join the present lawsuit pursuant to 29 U.S.C. § 216(b).

28. In addition, Plaintiffs bring the Kentucky Wages and Hours Act claims, KRS 337.010, *et seq.*, on behalf of themselves and the class of persons described above pursuant to Rule 23, Federal Rules of Civil Procedure.

29. The members of the Class are so numerous that joinder of all members is impractical and inefficient such that the requirements of Rule 23(a)(1) are met. Plaintiffs do not know the exact number of class members, but are informed and believe that hundreds of Claims Examiners have been denied overtime compensation and compensation for time worked. Plaintiffs are informed and believe that the identities of the class members may be ascertained from the files and records of MedPlans. and other information sources.

30. There are common questions of law and facts affecting class members, including but not limited to whether the Claims Examiners were improperly denied overtime compensation due to misclassification under exemptions and whether they were denied compensation for time worked. The requirements of Rule 23(a)(2) are met.

31. The claims of the representative plaintiffs are typical of the claims of the class as a whole. The Plaintiffs are members of the class and have suffered harm due to the failure of the Defendant to pay them compensation for time worked and overtime compensation for the time they worked over 40 hours per week. The requirements of Rule 23(a)(3) are met.

32. The Plaintiffs will fairly and adequately protect the interests of the class pursuant to Rule 23(a)(4). The interests of the Plaintiffs are consistent with and not antagonistic to the interests of the class. The Plaintiffs have retained counsel experienced in prosecuting class actions and complex litigation.

33.     The prosecution of separate actions by individual members of the class would create a risk that inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for the party opposing the class and would substantially impair or impede the interest of the other members of the class to protect their interests. Certification under Rule 23(b)(1) is appropriate.

34.     Plaintiffs are informed and believe that the Defendant has acted on grounds generally applicable to the class thereby making final injunctive relief or declaratory relief appropriate with respect to the class as a whole. Certification under Rule 23(b)(2) is appropriate.

35.     This class action is superior to other available methods for the fair and efficient adjudication of the controversy between the parties. Plaintiffs are informed and believe that the interests of members of the class in individually prosecuting a separate action is low, in that most class members would be unable to individually prosecute an action. Plaintiffs are informed and believe that the amounts at stake for individuals are sufficiently small for most or all class members such that separate suits would be impracticable, and most members of the class would not be able to find counsel to represent them. Plaintiffs are informed and believe that it is desirable to concentrate all litigation in one forum because it will promote judicial efficiency to resolve the common questions of law and fact in one forum rather than multiple courts. Certification under Fed. R. Civ. P. 23(b)(3) is appropriate.

36.     Individualized litigation also presents a potential for inconsistent or contradictory judgments. By contrast, the class action device presents far fewer management difficulties; allows the hearing of claims that might otherwise go unaddressed because of the relative expense of bringing individual lawsuits; and provides the benefits of a single adjudication,

economies of scale, and comprehensive supervision by a single court.

37. Plaintiffs are informed and believe that the files and records of MedPlans. contain in computer readable format, a last known address, other identifying information for class members, and information necessary and convenient to identify class members, determine their economic damages, and prosecute this case expeditiously as a class action.

## CAUSES OF ACTION
## COUNT I

38. Plaintiffs incorporate by reference, as if fully set out herein, paragraphs 1 through 37 above.

39. By its actions alleged herein, Defendant has willfully, knowingly, and/or recklessly violated the provisions of the FLSA and corresponding federal regulations with respect to the Plaintiffs and other similarly-situated Claims Examiners who are or were employed by MedPlans.

40. Defendant has willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly compensate the Plaintiffs and other present and former, similarly situated employees in accordance with §§ 206 and 207 of the FLSA.

41. As a result of Defendant's violations of the FLSA, the Plaintiffs, as well as all others similarly situated, have suffered damages by failing to receive wages for hours worked and overtime wages in accordance with §§ 206 and 207 of the FLSA.

42. Defendant has made no good faith effort to comply with the FLSA with respect to its compensation of the Plaintiffs and other similarly-situated employees.

43. As a result of the unlawful acts of Defendant, the Plaintiffs and all similarly-situated

employees have been deprived of their rightful hourly and/or overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

## COUNT II

44. Plaintiffs incorporate by reference, as if fully set out herein, paragraphs 1 through 43 above.

45. By its actions alleged herein, Defendant has willfully, knowingly, and/or recklessly violated the provisions of the Kentucky Wages and Hours Act, KRS 337.010 *et seq.*, and corresponding state regulations with respect to the Plaintiffs and other similarly-situated Claims Examiners who are or were employed by MedPlans..

46. Defendant has willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the Kentucky Wages and Hours Act, as detailed herein, by failing to properly compensate the Plaintiffs and other present and former, similarly situated employees in accordance with KRS 337.285.

47. As a result of Defendant's violations of the Kentucky Wages and Hours Act, the Plaintiffs, as well as all others similarly situated, have suffered damages by failing to receive wages for hours worked and overtime wages in accordance with KRS 337.272 and KRS 337.285.

48. Defendant has made no good faith effort to comply with the Kentucky Wages and Hours Act with respect to its compensation of the Plaintiffs and other similarly-situated employees.

49. As a result of the unlawful acts of Defendant, the Plaintiffs and all similarly-situated

employees have been deprived of their rightful hourly and/or overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

## **PRAYER FOR RELIEF**

50. WHEREFORE, the Plaintiffs, individually and on behalf of all other similarly-situated employees, pursuant to § 216(b) of the FLSA, and the Kentucky Wages and Hours Act, pray for the following relief:

   a. That pursuant to 29 U.S.C. § 216(b), at the earliest possible time, they be allowed to give notice, or that the Court issue such Notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed as a Claims Examiner by MedPlans. Such notice shall inform them that this action has been filed and of their right to opt into this lawsuit if they were not paid compensation for time worked and/or overtime compensation for time worked in excess of forty hours per week;

   b. Certification of a class pursuant to Rule 23 as defined above;

   c. That Plaintiffs and the class and collective action members be awarded damages in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages and/or prejudgment interest;

   d. Reasonable attorneys' fees;

   e. The costs and expenses of this action; and

   f. Such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

## JURY DEMAND

Plaintiffs request a jury trial for all claims set forth above.

Dated: May 21, 2007

                                      Respectfully submitted,

                                      **GRAY & WHITE**

                                      By: _____
                                        Matthew L. White
                                        Mark K. Gray
                                        Doris A. Kim
                                        GRAY & WHITE
                                        Attorneys for Plaintiffs
                                        1200 PNC Plaza
                                        500 West Jefferson Street
                                        Louisville, Kentucky 40202
                                        (502) 585-2060 Telephone
                                        (502) 581-1933 Facsimile

                                        Garry R. Adams
                                        Mary Ann Palmer
                                        CLAY, KENEALY, WAGNER
                                        & ADAMS, PLLC
                                        Meidinger Tower
                                        462 South Fourth Avenue, Suite 1730
                                        Louisville, Kentucky 40202

                                        Of Counsel,
                                        Admitted Pending Pro Hac Vice
                                        WIGGINS, CHILDS, QUINN
                                        & PANTAZIS, LLC
                                        Robert F. Childs, Jr.
                                        Dennis G. Pantazis
                                        Herman N. Johnson, Jr.
                                        Attorneys for Plaintiffs
                                        The Kress Building
                                        301 19th Street North
                                        Birmingham, Alabama 35203
                                        (205) 314-0500 Telephone
                                        (205) 254-1500 Facsimile