## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**Case No. 3:07cv259**

**PAMELA ADAMS, ET AL.**                                                            **PLAINTIFFS**

**V.**

**MEDPLANS PARTNERS, INC.,**
**MEDPLANS 2000, INC.**                                                              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the Plaintiff's Motion Requesting Court-Supervised Notice to Putative Collective Action Members [DN 34]. Fully briefed, this matter is ripe for decision.

The Plaintiffs were employed by the Defendants MedPlans Partners, Inc., and MedPlans 2000, Inc. (collectively "MedPlans") as Claims Examiners. Plaintiffs have brought suit under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (FLSA), alleging that MedPlans failed to properly compensate them for hours worked, and that MedPlans therefore owes them unpaid wages. The Plaintiffs bring this suit on their own behalf, and on behalf of others "similarly situated," pursuant to 29 U.S.C. § 216(b).

The FLSA specifically provides for collective actions, and explains an "opt-in" procedure, as follows:

> An action to recover the liability [for violations of Sections 206 or 207] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action

> unless he gives his consent in writing to become such a party and such
> consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

The Plaintiffs' Motion raises multiple issues. First, the Court must consider whether court-supervised notice is appropriate. If so, the Court must then consider who should get notice and how those persons should become known to the Plaintiffs; what time period the notice should cover; and further, what the notice should say.

**A. Is Court supervised notice appropriate?**

A district court has the authority to facilitate timely notice regarding FLSA collective litigation if it finds that there are other employees who may desire to opt-in and who are "similarly situated" with respect to the job requirements and pay provisions. Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165, 170 (1989). "Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." Id. at 172.

The Sixth Circuit has explained that courts generally adopt a two-stage approach for determining whether putative collective action members are similarly situated and therefore deserving of a collective action certification under § 216(b). Comer v. Wal-mart Stores, Inc., 454 F.3d 544, 546 (6th Cir. 2006). In this early stage, the plaintiff must demonstrate that the potential opt-in plaintiffs' positions are similar to those of the plaintiff. There is no need that the positions be entirely identical. Id. at 546-47. The initial decision regarding notice "is made using a fairly lenient standard, and typically results in conditional certification of a

representative class." Id. at 547 (secondary citation omitted).

After any potential plaintiffs have chosen to opt-in, courts then subject the claims to more rigorous review in order to determine if the plaintiffs are indeed similarly situated. Comer, 454 F.3d at 547. Under the lenient standard applicable here, the allegations and declarations before the Court have shown that the putative opt-in plaintiffs are sufficiently similar to the Plaintiffs to warrant notice being sent to the additional prospective class members. Plaintiffs have submitted declarations indicating that claims examiners for MedPlans worked unpaid hours of "downtime," that claims examiners were not properly compensated for overtime, and that pay for claims examiners was reduced based on performance under the "matrix" system. The declarations indicated that these practices were not limited to employees in a particular office or region. Thus, the Court provisionally GRANTS the Plaintiffs' Request for Court-Supervised Notice to prospective class members, with the limitations noted below.

### B.  Who gets notice, and what time period does it cover?

The applicable statute of limitations provides that claims such as these must be brought within three years. 29 U.S.C.A. § 255. Thus, the Notice shall be sent only to those claims examiners who were employed by MedPlans since May 21, 2004, or three years prior to the filing of this action. This order does not resolve the matter of the statute of limitations, and the Court recognizes that notice may be served to some putative plaintiffs for whom the statute has already run.

The Court orders MedPlans to provide to the Plaintiffs the names and last known

mailing address for all claims examiners employed by MedPlans since May 21, 2004. If feasible, MedPlans shall produce this information to the Plaintiffs in a computer format compatible with the computer hardware and software of Plaintiffs' counsel.

### C. What should the notice say?

The parties have disputed the contents of the proposed notice. The Court has considered the proposed notices, and created a Notice which incorporates some suggestions of each party. The Notice and accompanying Consent to Join Form are attached.

### Conclusion

It is hereby ordered that the Plaintiff's Motion for Court Supervised Notice to Putative Collective Action Members is conditionally GRANTED [DN 34]. In compliance with the Order, MedPlans is ORDERED to provide discovery of potential opt-in members as explained above.

cc: counsel of record

## NOTICE OF PENDING LAWSUIT
## TO RECOVER OVERTME WAGES

TO: Employees of MedPlans Partners, Inc., and/or MedPlans 2000, Inc., (hereafter "MedPlans") **who have held and/or currently hold** the position of Claims Examiner.

RE: Fair Labor Standards Act ("FLSA") lawsuit against MedPlans.

### I. INTRODUCTION

The purpose of this Notice is (1) to inform you of the existence of a lawsuit; (2) to advise you of how your rights may be affected by this lawsuit; and (3) to instruct you on the procedure for joining this lawsuit, should you choose to do so.

### II. DESCRIPTION OF THE LAWSUIT

The lawsuit is filed against MedPlans by Pamela Adams, Bureen Frankenberger, Susan E. Brown, Melissa Durbin, Kathrin A. England, Amy J. Frank, Leonard D. Frank, Patricia Gill, Tammy Harrison, Tisha Porter, Melody R. Bateman, individuals who work or have worked previously as Claims Examiners for MedPlans. Plaintiffs allege that as Claims Examiners they were not paid overtime wages for all weeks of employment in which they worked over 40 hours per week because MedPlans did not pay them proper overtime before July 2005; MedPlans did not pay them for downtime; and MedPlans reduced their pay by a certain matrix percentage if they fell below a quality rate on the claims they processed. The lawsuit seeks to recover money a Claims Examiner would have earned if he/she had been paid overtime wages for all hours worked over 40 hours per week. MedPlans asserts that it

paid its Claims Examiners properly under the law and denies that Claims Examiners are entitled to overtime compensation or any other damages.

### III. TO JOIN THIS LAWSUIT

If you are a current or former MedPlans Claims Examiner employed at any time since May 21, 2004 to the present and wish to join this lawsuit, **you must sign, date, and mail the attached Consent to Become Party Plaintiff form to the Clerk of Court by 5:00 p.m. on __(90 days from date of mailing)_____.** The address of the Clerk of Court is as follows:

> Clerk of the Court
> UNITED STATES DISTRICT COURT
> WESTERN DISTRICT OF KENTUCKY
> Gene Snyder United States Courthouse
> 601 W. Broadway, Rm. 106
> Louisville, KY 40202

If you choose to join this suit, you will be bound by the judgment. However, you are not required to join in this lawsuit, and if you do not join you will not be bound by any judgment in the lawsuit. While this suit is proceeding, you may be required to provide information, appear for deposition, and/or testify in court.

### IV. NO RETALIATION PERMITTED

Federal law prohibits MedPlans from discriminating against you or discharging you for joining in this lawsuit.

## V. NO OPINION EXPRESSED AS TO THE MERITS OF THE CASE

This Notice is for the sole purpose of determining the identity of those persons who wish to be involved in this lawsuit. The United States District Court for the Western District of Kentucky expresses no opinion regarding the merits of the Plaintiffs' claims or MedPlans's defenses. There is no assurance at this time that any relief will be granted, nor if granted, the nature and amount of relief.

## VI. LEGAL REPRESENTATION IF YOU JOIN THE LAWSUIT

The names and addresses of plaintiffs' attorneys are:

| | | |
|---|---|---|
| Mark K. Gray | Garry R. Adams | Robert F. Childs, Jr. |
| Matthew L. White | CLAY,KENEALY, | Dennis G. Pantazis |
| Doris A. Kim | WAGNER,&ADAMS, | Herman N. (Rusty) Johnson, Jr. |
| GRAY & WHITE, P.C. | P.L.L.C. | WIGGINS,CHILDS, |
| 1200 PNC Plaza | Meidinger Tower | QUINN, |
| 500 West Jefferson Street | 462 South Fourth Avenue, | & PANTAZIS, L.L.C. |
| Louisville, Kentucky 40202 | Suite 1730 | The Kress Building |
| | Louisville, Kentucky 40202 | 301 19th Street N. |
| | | Birmingham, Alabama 35203 |

For further information about how to become a party plaintiff, you may telephone: _____.

7

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY

**PAMELA ADAMS, et. al. v. MED PLANS PARTNERS, INC., MEDPLANS 2000, INC.**
**Case No. 3:07-cv-259-TBR**

### CONSENT TO JOIN FORM

Name: _____
Address: _____
_____
_____
Work Phone: _____
Home Phone: _____

1.      I hereby consent, agree, and opt-in to the lawsuit that is filed against MedPlans Partners, Inc., MedPlans 2000 Inc., and/or any of their successors or assignees, to pursue my claims arising out of unpaid overtime work and/or straight-time pay as an insurance claims examiner. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.*, and other applicable laws.

2.      I have worked in the position of claims examiner at MedPlans Partners, Inc. and/or MedPlans 2000 Inc. from on or about _____ (month, year) to on or about _____ (month, year).

3.      During the above time period, I worked in excess of forty (40) hours per week, but was not paid overtime compensation and/or I was required to be present at work, but was not paid for downtime.

4.      I hereby designate the law firm and attorneys of Clay, Kenealy, Wagner & Adams, PLLC, including but not specifically limited to, Garry R. Adams; and the law firm of Gray & White, including but not specifically limited to, Mark Gray, Matthew White, and Doris Kim; and the law firm and attorneys of Wiggins, Childs, Quinn & Pantazis, L.L.C., including but not specifically limited to, Robert F. Childs, Jr., Dennis G. Pantazis, and Herman N. Johnson, Jr., to represent me for all purposes of the lawsuit against MedPlans Partners, Inc. and MedPlans 2000, Inc.

5.      I also consent to the named plaintiffs in the complaint against MedPlans Partners, Inc. and MedPlans 2000, Inc. to make decisions regarding the litigation, the method and manner of conducting this litigation, the terms of any potential settlement of this litigation, the entering of an agreement with Plaintiffs' Counsel regarding attorneys' fees and costs, and all other matters pertaining to this lawsuit.

(Signed) _____ (Date Signed) _____